MICHAEL J. GARCIA
United States Attorney
By:     MICHAEL C. JAMES
Assistant United States Attorney
86 Chambers Street, 3rd floor
New York, NY 10007
Telephone: (212) 637-2679
Telefax: (212) 637-2786

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| JAMIE CHACON, | : | |
| Plaintiff, | : | |
| v. | : | **ANSWER** |
| ANDREA QURANTILLO, District Director, Citizenship and Immigration Services, | : | 07 Civ. 3375 (LAP) |
| | : | |
| Defendant. | | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendant Andrea Quarantillo, District Director, United States Citizenship and Immigration Services ("USCIS"), by her attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, answers the complaint of Plaintiff Jamie Chacon on information and belief as follows:

1.      With respect to the allegations contained in paragraph one, Defendant admits that Plaintiff is an individual who resides in the United States, denies knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation as to where he lives, except avers that the address on Plaintiff's "Application for Naturalization" (Form N-400) which he submitted to USCIS matches the address provided in paragraph one, and admits that that address is within the territorial jurisdiction of the Southern District of New York.  To the extent

that any such allegation is made, Defendant denies that this Court has jurisdiction over the subject matter of this action. Defendant neither admits nor denies the remaining allegations in the paragraph because they constitute conclusions of law or Plaintiff's characterization of this action, to which no responsive pleading is required, and respectfully refers the Court to the statute cited therein for an accurate statement of its provisions.

2. With respect to the allegations contained in paragraph two, Defendant admits that Andrea Quarantillo is the District Director for the New York District of USCIS. Defendant neither admits nor denies the remaining allegations in the paragraph because they constitute conclusions of law, to which no responsive pleading is required, and respectfully refers the Court to the statutes and regulations cited therein for an accurate statement of their provisions.

3. With respect to the allegations contained in paragraph three, neither admits nor denies the allegations in the paragraph because they constitute conclusions of law, and to the extent a response is required, Defendant denies the allegations in this paragraph and respectfully refers the Court to the statutes cited therein for an accurate statement of their provisions.

4. Defendant admits the allegations contained in paragraph four.

5. With respect to the allegations contained in paragraph five, Defendant admits that District Adjudications Officer Douglas Payne interviewed Plaintiff on May 4, 2004 about his Form N-400 application, and neither admits nor denies the allegations that Officer Payne is a "designated agent" because it constitutes a conclusion of law, to which no responsive pleading is required.

6. Defendant denies the allegations contained in paragraph six. In further response, Defendant avers that Plaintiff is not statutorily eligible for naturalization at this time

because USCIS has not completed its full examination of Plaintiff, including a mandatory investigation into Plaintiff's background by the Federal Bureau of Investigation ("FBI").  See Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act of 1998, Pub. Law 105-119, Title I, 111 Stat. 2440, 2448 (Nov. 26, 1997).

7. With respect to the allegations contained in paragraph seven, Defendant admits that more than 120 days have passed since Plaintiff's interview on May 4, 2004 and that Plaintiff has timely submitted any requested documents to USCIS.  Defendant admits that it has not yet adjudicated Plaintiff's application but avers that the FBI has not completed its mandatory investigation into Plaintiff's background in connection with his Form N-400 application.

8. With respect to the allegations contained in paragraph eight, Defendant neither admits nor denies the allegations in the paragraph because they constitute conclusions of law or Plaintiff's characterization of this action, and to the extent a responsive pleading is required, Defendant denies the allegations in this paragraph and respectfully refers the Court to the statute cited therein for an accurate statement of their provisions.

9. With respect to the allegations contained in paragraph nine, Defendant neither admits nor denies the allegations in the paragraph because they constitute conclusions of law or Plaintiff's characterization of this action, to which no response is required.

10. With respect to the paragraphs numbered 1 through 3 under "WHEREFORE," Defendant neither admits nor denies the allegations as they constitute Plaintiff's characterization of this action, prayer for relief, or conclusions of law, to which no response is required.

## FIRST DEFENSE

The Court lacks jurisdiction over the subject matter of this action.

SECOND DEFENSE

Plaintiff's claims are unripe for review.

THIRD DEFENSE

Plaintiff has failed to exhaust administrative remedies.

FOURTH DEFENSE

The complaint fails to state a claim upon which relief can be granted.

FIFTH DEFENSE

Plaintiff has failed to show he is owed a peremptory duty that Defendant has refused to perform.

SIXTH DEFENSE

Mandamus will not lie against Defendant to control the exercise of her administrative judgment and discretion.

SEVENTH DEFENSE

Plaintiff is not statutorily eligible for naturalization until USCIS has completed its examination of Plaintiff, including an investigation into Plaintiff's background by the FBI. See 1998 Appropriations Act, 111 Stat. 2448 (1997).

EIGHTH DEFENSE

Because the USCIS has not completed its examination of Plaintiff, jurisdiction to consider Plaintiff's claims is not conferred upon the Court by section 336(b) of the Immigration and Nationality Act of 1952, as amended, 8 U.S.C. § 1447(b) (providing for an exercise of jurisdiction where "there is a failure to make a determination [on a naturalization application] before the end of the 120 day period after the date on which the examination [of the

naturalization applicant] is conducted"); see also, e.g., Danilov v. Aguirre, 370 F. Supp. 2d 441, 443-44 (E.D. Va. 2005).

## CONCLUSION

WHEREFORE, Defendant respectfully requests that this Court enter judgment dismissing the complaint in its entirety, and for such other relief as the Court deems proper.

Dated: June 26, 2007
      New York, New York

                                  MICHAEL J. GARCIA
                                  United States Attorney
                                  Attorney for Defendant

By:   /s/
       MICHAEL C. JAMES
       Assistant United States Attorney
       86 Chambers Street, 3rd floor
       New York, New York 10007
       Telephone: (212) 637-2679

TO:   Spiro Serras, Esq.
       Wilens & Baker, P.C.
       450 Seventh Avenue
       New York, NY 10123

       (Attorney for Plaintiff)